IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BOWMAN, | : | |
| | : | Case No. 4:CV-04-2176 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, Director | : | (Magistrate Judge Mannion) |
| JEFFREY A. BEARD, Ph.D., | : | |
| EDWARD J. KLEM, Superintendent, | : | |
| RAYMOND J. SOBINA, | : | |
| Superintendent, Captain VINCENT | : | |
| F. MOONEY, Officer J.J. KANE, | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

September 14, 2005

**BACKGROUND:**

On February 18, 2004, plaintiff Kevin Bowman, a prisoner confined at SCI-Frackville, Frackville, Pennsylvania, filed suit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), in the United States District Court for the Eastern District of Pennsylvania. On May 12, 2004, defendants filed a motion to dismiss or in the alternative to transfer venue. After the matter was fully briefed and a hearing was

1

held, on September 23, 2004, the district court transferred the matter to the Middle District of Pennsylvania.  At that time the court denied defendant's motion to dismiss based on venue, but stayed for our determination the substantive grounds of defendants' motion to dismiss.  The matter has proceeded in an orderly pre-trial course before United States Magistrate Judge Malachy E. Mannion.  No new dispositive motions have been filed since the initial original motion to dismiss; the court now addresses defendants' motion to dismiss plaintiff's claims on the grounds not addressed by the Eastern District Court.

For the following reasons the court will partially grant defendants' motion.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in

the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  Id. at 327.

## II.  Plaintiff's Complaint

Plaintiff is a prisoner currently detained at SCI-Frackville.  The factual allegations that form the basis of his complaint against the Department of Corrections, however, occurred while he was detained at SCI-Mahoney and then at SCI-Somerset.  Plaintiff contends that he was discriminated against by the staff of SCI-Mahoney and SCI-Somerset on the basis of his Muslim religion.

3

The complaint makes several allegations involving conduct by defendants directed at both Bowman and other Muslim inmates. Plaintiff has asserted that defendants refused to allow plaintiff and other inmates of the Muslim faith to conduct services and classes which reflect their fundamental religious beliefs. Bowman asserts that he was mistakenly labeled an Islamic extremist, was accused of participating in an "unauthorized group activity", and was punished for other inmates' written requests to have classes in Aqeeda and Salat (faith and prayer), which were not being taught by the approved faith group leader for all Muslims at SCI-Mahoney. Defendants demanded that Bowman and other Muslims shave their beards to less than three inches, in violation of their Islamic beliefs. Defendants also allegedly demanded that Bowman and other Muslims roll down their pant legs, in violation of their Islamic beliefs.

Bowman was allegedly punished by being placed in the restricted housing unit, being issued several misconducts for not shaving his beard less than three inches and for refusing to roll down his pant legs, both in violation of his Islamic beliefs, and then being transferred twice to different prisons. Then, at SCI-Somerset, the prison to which he was first transferred, Bowman remained in restricted housing.

First, we note that this is not a class action. Bowman is the only named

plaintiff, and the court will only entertain an active case or controversy as to grievances of the named plaintiff.

The complaint asserts that defendants' conduct toward plaintiff and his fellow Muslims violated his constitutional rights, providing a cause of action under 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000cc-2(a). The complaint does not specifically identify what constitutional rights were allegedly violated by defendants, but we infer from the complaint that plaintiff is bringing a retaliation claim based on his First Amendment right to the free exercise of Islam and a Fourteenth Amendment due process claim based on his placement in restrictive housing.

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Specifically, Bowman seeks:

> 1. Declaratory judgment for plaintiff declaring that the defendants' acts, policies and practices described herein and as expounded upon during the course of discovery in this action violate plaintiff's rights under the United States Constitution.
>
> 2. A preliminary and permanent injunction which:
> a) Prohibits the defendants, their successors in office, agents and employees and all other persons in active concert and participation of them from harassing, threatening, punishing, or retaliating in any way against any plaintiff because he filed this action, or against any inmate because that inmate submitted an affidavit or otherwise testified in this case on behalf of plaintiff;

      b) Prohibits the defendants from transferring plaintiff to any other institution, without express consent, during the pendency of this action;
      c) Requires the defendants to remove from the plaintiff's prison files and records any references to any events described herein or to the fact that plaintiff filed this suit;
      d) Requires the defendants to allow plaintiff and other Muslim inmates to:
           1) engage in any oral or written communication which is reasonably related to the conduct of this suit, including the preparation of affidavits on behalf of plaintiff;
           2) to allow plaintiff to confer with his counsel and to prepare legal papers and do anything else, consistent in prison security, which is reasonably connected with the conduct of this suit.

3.  Compensatory damages from the defendants, jointly and severally, to the plaintiff for the conduct complained of herein;

4.  Punitive damages from the defendants, jointly and severally, to plaintiff;

5.  A jury trial on all issues triable by jury.

6.  Plaintiff's costs of this suit and his attorney's fees.

7.  Such other and further relief as this Court deems just, proper and equitable.

### III.  Section 1983 and RLUIPA

Plaintiff has brought a civil rights action under 42 U.S.C. § 1983 alleging

violations of his constitutional rights by the defendants. Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects,
> or causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost, 1 F.3d at 184 (3d Cir. 1993).

In addition to his constitutional claims plaintiff has asserted a claim under RLUIPA. 42 U.S.C. § 2000cc et seq. In enacting RLUIPA, Congress created a statutory free exercise of religion claim that requires a higher standard of review than that applied to constitutional free exercise claims. Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 986 (8th Cir. 2004). The statute provides that:

> No government shall impose a substantial burden on
> religious exercise of a person residing in or confined to an
> institution, as defined in section 1997 of this title, even if
> the burden results from a rule of general applicability,

>unless the government demonstrates that imposition of the burden on that person-
>>(1) is in furtherance of a compelling governmental interest; and
>>(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

The statute is applicable to "any case in which . . . the substantial burden imposed is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). As part of enacting RLUIPA, Congress created a private cause of action. RLUIPA provides that "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a).

## IV.  Defendants' Motion to Dismiss

Defendants' motion to dismiss asserts that (1) defendant the Commonwealth of Pennsylvania, Department of Corrections, and its defendant officials and employees to the extent they are sued for damages in their official capacities are immune from suit under the Eleventh Amendment of the United States Constitution; (2) plaintiff's due process claims should be dismissed as he has no liberty interest in remaining in the prison's general population; and (3) the action should be dismissed for lack of any allegation of personal involvement by the named

defendants in a constitutional claim.

### A.  Plaintiff's Claim Under 42 U.S.C. § 1983 Against the Department of Corrections & the Defendant Employees in Their Official Capacities are Dismissed to the Extent Plaintiff Seeks Money Damages

Plaintiff's complaint seeks recovery from each defendant both in their individual and official capacities.  (Compl., Rec. Doc. No. 1, at 3, ¶ 10.)  One of the named defendants is the Commonwealth of Pennsylvania, Department of Corrections, a state agency.  Neither a State nor its officials acting in their official capacity are "persons" under 42 U.S.C. § 1983.  Will v. Michigan, 491 U.S. 58, 64 (1989); Boone v. Pennsylvania Office of Vocational Rehabilitation, 373 F.Supp. 2d 484, 498 (M.D. Pa. 2005) (Rambo, J.).  The United States Supreme Court in Will was explicit that its holding was applicable to States and governmental entities that are "arms of the State" for purposes of the Eleventh Amendment.  491 U.S. at 70.

In addition to the Department of Corrections not being a person for purposes of § 1983, the corrections agency is an arm of the State for purposes of the Eleventh Amendment, and therefore, because the state has not waived its immunity, it is protected from suit in federal court.  See Wheeler v. Beard, 2005 WL 1840159, at *16 (E.D. Pa. Aug. 3, 2005) (Yohn, J) (finding Pennsylvania's Department of Corrections is an arm of the state); 42 Pa. Stat. Ann. § 8521(b) (Pennsylvania' statutory withholding of consent to be sued).  Plaintiff's claim under

9

42 U.S.C. § 1983 against the Commonwealth's Department of Corrections must be dismissed. Also, plaintiff's claims against the individual state employees in their official capacities must be dismissed to the extent that money damages are sought. However, "official-capacity actions for prospective relief are not treated as actions against the State," Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Ex parte Young, 209 U.S. 123 (1908)); therefore, plaintiff may pursue equitable relief against official-capacity defendants. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697-98 (3d Cir. 1996).

### B.  Plaintiff's Complaint to the Extent it Asserts a Due Process Claim Based on His Being Placed in Restricted Housing is Dismissed

As we noted above, plaintiff does not identify particular constitutional violations in his pleadings. To the extent plaintiff has asserted a Due Process claim it must fail. Plaintiff alleges that as a form of retaliation for his interest in exercising his Islamic faith he was housed in a restrictive housing unit within the prison, and then transferred to another prison where he was also housed in a restricted unit for a total of nine months.

Plaintiff's argument that attempts to distinguish the conduct that warrants segregation from the regular prison population misses the mark. (Rec. Doc. No. 1, at 68.) As plaintiff has noted, the Fourteenth Amendment Due Process protection

for a state-created liberty interest on the part of a prison inmate is "limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997) (discussing <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)).  The baseline for determining what is 'atypical and significant' is determined by "what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."  <u>Id.</u>  Plaintiff simply has no protected liberty interest in remaining in the general prison population for a period of nine months.  <u>See</u> <u>id.</u> at 708 (prison did not interfere with a protected liberty interest when inmate remained in restricted housing for 15 months); <u>see</u> <u>also</u> <u>Milton v. Ray</u>, 2005 WL 2106180, *4 (M.D. Pa. Aug. 31, 2005) (Kane, J.).  Therefore, to the extent plaintiff's claim under 42 U.S.C. § 1983 asserts that defendants violated his rights to due process protected by the Fourteenth Amendment, the claims are dismissed.

### **C. Lack of Personal Involvement as to the Section 1983 Claims**

Finally, defendants contend in their motion to dismiss that plaintiff has insufficiently alleged personal involvement by the defendants to state a cognizable

section 1983 claim.[1]  Plaintiff has alleged the personal involvement of defendants Kane and Mooney.  Plaintiff has not alleged personal involvement by any of the other defendants.  Despite defendants' position that the law remains unsettled on pleading requirements in cases involving the qualified immunity of individual government officials, the Third Circuit only requires notice pleading for civil rights complaints, and not some heightened standard.  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) ("Fundamentally, a heightened pleading requirement for civil rights complaints no longer retains vitality under the Federal Rules."); see also Evancho v. Fisher, – F.3d – , 2005 WL 2179883, *5 (3d Cir. Sept. 12, 2005) (reiterating that civil rights plaintiffs need only follow liberal notice pleading standard).  We will allow plaintiff an opportunity to amend his complaint to include specificity as to the other defendants' conduct.

## V.  Plaintiff's Requests for Declaratory & Injunctive Relief

Plaintiff's complaint includes a series of requests for declaratory and injunctive relief:

> 1. Declaratory judgment for plaintiff declaring that the defendants' acts, policies and practices described herein and as expounded upon during the course of discovery in

---

[1] Plaintiff's brief informally requests leave to amend his complaint to provide additional details if we find that his complaint is insufficiently specific.

this action violate plaintiff's rights under the United States Constitution.

2. A preliminary and permanent injunction which:

    a) Prohibits the defendants, their successors in office, agents and employees and all other persons in active concert and participation of them from harassing, threatening, punishing, or retaliating in any way against any plaintiff because he filed this action, or against any inmate because that inmate submitted an affidavit or otherwise testified in this case on behalf of plaintiff;

    b) Prohibits the defendants from transferring plaintiff to any other institution, without express consent, during the pendency of this action;

    c) Requires the defendants to remove from the plaintiff's prison files and records any references to any events described herein or to the fact that plaintiff filed this suit;

    d) Requires the defendants to allow plaintiff and other Muslim inmates to:

        1) engage in any oral or written communication which is reasonably related to the conduct of this suit, including the preparation of affidavits on behalf of plaintiff;

        2) to allow plaintiff to confer with his counsel and to prepare legal papers and do anything else, consistent in prison security, which is reasonably connected with the conduct of this suit.

...

7. Such other and further relief as this Court deems just, proper and equitable.

13

Defendants' conduct which forms the basis of this complaint involved activities that occurred while plaintiff was detained at SCI-Mahoney and SCI-Somerset.  Plaintiff is currently detained at SCI-Frackville and is not in restrictive housing.  One of the narrow exceptions to Eleventh Amendment immunity is for suits seeking prospective relief against officials to remedy an ongoing violation of federal law.  M.A. v. State-Operated Sch. Dist., 344 F.3d 335, 345 (3d Cir. 2003) (citations omitted).  Plaintiff's injunctive requests are not of that nature - they do not address an ongoing violation, e.g., they are not requests that Bowman be allowed to meet and study his preferred Muslim classes; instead, plaintiff's request seeks to prevent retaliation for filing this suit.  These are inappropriate requests for injunctive relief because the plaintiff's injury is merely speculative and does not establish a real and immediate threat.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983).  Furthermore, laws already exist that prohibit the defendants from retaliating against plaintiff, and if defendants were to retaliate against plaintiff, plaintiff could file an administrative complaint and a separate civil rights action.  Therefore, plaintiff's requests for injunctive relief are dismissed, as they do not address ongoing violations of federal law.

### VI.  Plaintiff's RLUIPA Claim Remains

As noted above, plaintiff's complaint asserts that defendants violated

RLUIPA, 42 U.S.C. § 2000cc-2(a).  Defendants do not address the RLUIPA claim in their motion to dismiss or supporting brief, and only address the plaintiff's allegations of violations of his civil rights under 42 U.S.C. § 1983.  Therefore, the RLUIPA claim remains.  However, plaintiff is not entitled to the injunctive relief he has requested under RLUIPA because, as stated above, the requests do not seek relief from ongoing violations of federal law.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BOWMAN, | : | |
| | : | Case No. 4:CV-04-2176 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, Director | : | (Magistrate Judge Mannion) |
| JEFFREY A. BEARD, Ph.D., | : | |
| EDWARD J. KLEM, Superintendent, | : | |
| RAYMOND J. SOBINA, | : | |
| Superintendent, Captain VINCENT | : | |
| F. MOONEY, Officer J.J. KANE, | : | |
| | : | |
| Defendants | : | |

O R D E R

September 14, 2005

For the reasons set forth in the accompanying memorandum,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is granted in part and denied in part. (Rec. Doc. No. 1, Eastern District Rec. Doc. No. 4.)

2. Plaintiff's claims under 42 U.S.C. § 1983 for monetary damages against the Commonwealth of Pennsylvania Department of Corrections and the other defendants in their official capacities are dismissed on the basis of the

1

defendants' sovereign immunity under the Eleventh Amendment.

3.  Plaintiff's requests for injunctive relief from the defendants under both 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000cc-2(a), are dismissed as they do not address an ongoing violation of plaintiff's federal rights.

4.  Plaintiff's claims for monetary damages from defendants Beard, Klem, Sobina, Mooney, and Kane in their individual capacities under 42 U.S.C. § 1983 remain.  Plaintiff's claims for monetary damages under RLUIPA, 42 U.S.C. § 2000cc-2(a) against all defendants remain.

5.  Plaintiff may amend his complaint within twenty (20) days to provide more specific allegations as to the actions of defendant employees and to state with more particularity the nature of the First Amendment Free Exercise Clause retaliation claim underlying his 42 U.S.C. § 1983 action, which we have inferred from his complaint.

6.   The October 7, 2005 deadline for filing motions for summary judgment is cancelled, and will be reset upon completion of the pleadings.

                                                 s/ James F. McClure, Jr.  
                                                James F. McClure, Jr.  
                                                United States District Judge