IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN BOWMAN,               :

                                :     Case No. 4:CV-04-2176

          Plaintiff         :

                                  :

    v.                             :     (Judge McClure)

                                  :

COMMONWEALTH OF        :
PENNSYLVANIA DEPARTMENT   :
OF CORRECTIONS, Director     :
JEFFREY A. BEARD, Ph.D.,      :
EDWARD J. KLEM, Superintendent, :
RAYMOND J. SOBINA,         :
Superintendent, Captain VINCENT   :
F. MOONEY, Officer J.J. KANE,    :

                                  :

         Defendants       :

**O R D E R**

January 6, 2006

**BACKGROUND:**

On February 18, 2004, plaintiff Kevin Bowman, a prisoner confined at SCI-Frackville, Frackville, Pennsylvania, filed suit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), in the United States District Court for the Eastern District of Pennsylvania. On May 12, 2004, defendants filed a motion to dismiss or in the alternative to transfer venue. After the matter was fully briefed and a hearing was

held, on September 23, 2004, the district court transferred the matter to the Middle

District of Pennsylvania.  At that time the court denied defendants' motion to

dismiss based on venue, but stayed for our determination the substantive grounds

of defendants' motion to dismiss.  The matter proceeded in an orderly pre-trial

course before United States Magistrate Judge Malachy E. Mannion.

On September 14, 2005, we granted defendants' motion to dismiss in part.

In that order we (1) dismissed plaintiff's claims for money damages under 42

U.S.C. § 1983 against the Commonwealth of Pennsylvania Department of

Corrections and the other defendants in their official capacities on the basis of the

defendants' sovereign immunity under the Eleventh Amendment; (2) dismissed

plaintiff's requests for injunctive relief from defendants under both counts of the

complaint because the complaint did not address an ongoing violation of plaintiff's

federal rights; and (3) allowed plaintiff to amend his complaint within twenty days

to provide more specific allegations as to the actions of defendant employees and

to state with more particularity the nature of his First Amendment Free Exercise

Clause retaliation claim.  In that order we noted that plaintiff's claims for monetary

damages against defendants Beard, Klem, Sobina, Mooney and Kane in their

individual capacities remained.  We also noted that plaintiff's claims for monetary

damages under RLUIPA, 42 U.S.C. § 2000cc-2(a) remained against all defendants.

On October 24, 2005, plaintiff filed an amended complaint.  In the amended complaint plaintiff stated three separate counts: (1) a section 1983 claim asserting a violation of his rights protected by the First Amendment's Free Exercise Clause; (2) a claim asserting a violation of RLUIPA pursuant to 42 U.S.C. § 2000cc-2(a); and (3) a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants Commonwealth of Pennsylvania, Beard, and Sobina filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 28, 2005.  In defendants' December 12, 2005 brief in support defense counsel withdrew his motion to dismiss on behalf of the Commonwealth of Pennsylvania.  (Mem. Law Supp. Def. Mot. Dismiss, Rec. Doc. No. 19, at 3.)

For the following reasons we grant defendants' motion to dismiss in part. Plaintiff's section 1983 claims against defendants Beard and Sobina are dismissed. Count III of the complaint is dismissed as superfluous.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183

(3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  <u>Kost</u>, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Markowitz v. Northeast Land, Co.</u>, 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  <u>Id.</u> at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  <u>Id.</u> at 327.

## II.  Statement of Facts

Plaintiff is a prisoner currently detained at SCI-Frackville.  The factual

4

allegations that form the basis of his complaint against the Department of Corrections, however, occurred while he was detained at SCI-Mahanoy[1] and then at SCI-Somerset.  Plaintiff contends that he was discriminated against by the staff of SCI-Mahanoy and SCI-Somerset on the basis of his Muslim religion.

As part of this discrimination, Bowman alleges he was falsely administratively charged with "engaging in or encouraging unauthorized group activity" and "unauthorized use of the mail or telephone."  After a September 30, 2002 misconduct hearing, Bowman was found guilty of both charges and was placed in the restrictive housing unit (RHU).  He alleges that as a result of his alleged involvement in the unauthorized group activity he was then transferred from SCI-Mahanoy to SCI-Somerset on January 21, 2003.  Bowman remained in RHU until he was transferred to SCI-Frackville on May 13, 2003.

The allegations against the moving defendants are: (1) that defendant Sobina, the Superintendent of SCI-Somerset, failed to reply to Bowman's May 1, 2003 letter that complained about discrimination and his continued stay in RHU at SCI-Somerset, and in which he explained that he was not an extremist; and (2) that defendant Beard, the Secretary of the Pennsylvania Department of Corrections,

_____

[1]Plaintiff's complaint and amended complaint often refer to the institution as SCI-Mahoney.

refused to conduct an investigation into department-wide retaliation against Muslims, failed to properly supervise defendants Mooney and Kane, and tacitly allowed the harassment of devout Muslim prisoners, and generally, that Beard permitted the discriminatory activity to occur.

## II.  Declaratory Relief Sought in Count III of Plaintiff's Amended Complaint

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Bowman requests in the third count of his amended complaint that the court declare that the "defendants' acts, policies and practices described herein and as expounded upon during the course of discovery and upon such hearing in this action violate the plaintiff's rights under the United States Constitution to the free exercise of religion."  (Rec. Doc. No. 13, at 11.)  Plaintiff included a request for declaratory relief pursuant to the Declaratory Judgment Act in his original complaint as well, albeit without stating it as a separate count.  (Rec. Doc. No. 1, at 1, ¶ 1.)  In our September 14, 2005 order we addressed the declaratory and injunctive relief that plaintiff sought together and determined that plaintiff could not pursue injunctive relief because his complaint did not address ongoing violations of federal law; however, as an oversight we were silent on plaintiff's request for declaratory relief.  (Rec. Doc. No. 10, at 14.)  We now clarify that plaintiff's request for declaratory relief is also dismissed.

Because plaintiff seeks a declaratory judgment that only addresses retrospective actions, plaintiff's request is superfluous in light of the damages claims that he has brought in counts I and II of his amended complaint. PeTa, People for the Ethical Treatment of Animals v. Rasmussen, 298 F.3d 1198, 1203 n.2 (10th Cir. 2002) (Declaratory relief that is retrospective in nature and seeks a declaration that a plaintiff's constitutional rights were violated in the past is "superfluous" when intertwined with a damages claim.); see also Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) (gathering cases from numerous Courts of Appeals).  As we noted in our previous order, plaintiff complains of no ongoing violations of his constitutional rights, and although he notes that he "will continue to be irreparably injured by the conduct of the defendants" that assertion is not supported by the allegations in the complaint.  Therefore, count III of the amended complaint is dismissed as superfluous in light of the damages claims.

### III.  Defendants Beard and Sobina's Motion to Dismiss

Defendants Beard and Sobina have moved the court to dismiss them from the action.[2]  Plaintiff has not filed a brief in opposition.[3]  Because plaintiff has not

---

[2]The Commonwealth withdrew from the motion to dismiss and joined the other answering defendants in the defendants' brief in support of the motion to

filed a brief in opposition, we deem the motion unopposed pursuant to Local Rule

7.6.  Although Beard and Sobina move the court to dismiss them from the action

altogether, their brief only addresses why the plaintiff's section 1983 claim should

be dismissed as against them.

We agree with defendants that plaintiff in his amended complaint has still

not alleged personal involvement by Beard and Sobina so as to warrant relief under

section 1983 from those defendants.  Plaintiff  alleges that Sobina failed to

investigate Bowman's claim of unfair treatment and continued to hold him in

restrictive housing after Bowman wrote a letter to Sobina complaining of the

treatment.  (Rec. Doc. No. 13, at 9.)  Bowman also alleges that Beard refused to

conduct an investigation into department-wide retaliation against Muslims, failed

to properly supervise defendants Mooney and Kane, "tacitly allowed" correctional

officers to harass those inmates who were devout Muslims, and permitted the

discriminatory activity alleged in the complaint to occur.  (Id.)

The Third Circuit has stated that "[an individual government] defendant in a

civil rights action must have personal involvement in the alleged wrongdoing;

_____

dismiss.  (Rec. Doc. No. 19, at 3.)

[3]The certificate of non-concurrence provided by defendants implies that

plaintiff may concur in the dismissal of these defendants.  (Rec. Doc. No. 17, at 4.)

liability cannot be predicated solely on the operation of respondeat superior.

Personal involvement can be shown through allegations of personal direction or of

actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d

Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988));

see also Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff's section 1983 claims against Beard and Sobina must be dismissed

as the amended complaint only alleges that those defendants failed to investigate

Bowman's complaints about treatment and in generalities that they allowed the

conduct to occur.  See, e.g. Bobko v. Lavan, No. 05-3184, 2005 WL 3304147, *1

(3d Cir. Dec. 7, 2005) (Noting that district court properly granted defendants'

motions to dismiss where they dismissed "individuals either because they were not

personally involved in the events underlying his claims or merely failed to respond

to letters about his grievance.")

Defendant has not briefed why we should dismiss plaintiff's RLUIPA claim

against these defendants.  Therefore, the RLUIPA claim shall remain against all

defendants.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Count III of plaintiff's complaint is dismissed.

9

2.     Defendants' motion to dismiss (Rec. Doc. No. 17), is granted in part.

3.     Plaintiff's section 1983 claims (Count I) against defendants Beard and

Sobina are dismissed.

4.     The following claims remain:

4.1    Plaintiff's section 1983 claims for money damages (Count I)

against defendants Klem, Mooney and Kane.

4.2    Plaintiff's RLUIPA claim for money damages (Count II)

against all named defendants.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge