IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN BOWMAN, : | |
| : | Case No. 4:CV-04-2176 |
| Plaintiff, : | |
| : | |
| v.            : | (Judge McClure) |
| : | |
| COMMONWEALTH OF  : | |
| PENNSYLVANIA DEPARTMENT : | |
| OF CORRECTIONS, Director : | |
| JEFFREY A. BEARD, Ph.D., : | |
| EDWARD J. KLEM, Superintendent, : | |
| RAYMOND J. SOBINA, : | |
| Superintendent, Captain VINCENT : | |
| F. MOONEY, Officer J.J. KANE, : | |
| : | |
| Defendants. : | |

**O R D E R**

August 16, 2006

**BACKGROUND:**

On February 18, 2004, plaintiff Kevin Bowman, a prisoner confined at SCI-Frackville, Frackville, Pennsylvania, filed suit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), in the United States District Court for the Eastern District of Pennsylvania.  On September 23, 2004, the district court transferred the matter to the Middle District of Pennsylvania.  At that time the court denied defendants'

motion to dismiss based on venue, but stayed for our determination the substantive grounds of defendants' motion to dismiss.  The matter proceeded in an orderly pre-trial course before United States Magistrate Judge Malachy E. Mannion.

By order dated September 14, 2005, we granted defendants' motion to dismiss the original complaint in part and allowed plaintiff to file an amended complaint.

On October 24, 2005, plaintiff filed an amended complaint.  In the amended complaint plaintiff stated three separate counts: (1) a section 1983 claim asserting a violation of his rights protected by the First Amendment's Free Exercise Clause; (2) a claim asserting a violation of RLUIPA pursuant to 42 U.S.C. § 2000cc-2(a); and (3) a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

By order dated January 6, 2006, we granted defendants' motion to dismiss in part, dismissing Count I against defendants Beard and Sobina and dismissing Count III as to all defendants.

Now before the court is defendants' May 22, 2006 motion for judgment on the pleadings, or in the alternative, for summary judgment as to all remaining claims.  Defendants filed a brief in support and statement of undisputed facts on May 24, 2006.  Plaintiff has not filed a brief in opposition.  For the following reasons we will grant defendants' motion.

**DISCUSSION:**

## I. LEGAL STANDARD

### A. Judgment on the Pleadings and Failure to Exhaust

The defendants have filed a motion for judgment on the pleadings or in the alternative a motion for summary judgment. In the defendants' motion they direct the court to Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), in which the United States Court of Appeals for the Third Circuit held that when a prisoner fails to exhaust under the PLRA the action should be dismissed without prejudice, and a defendants' motion to dismiss should be treated as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because failure to exhaust administrative remedies is an affirmative defense under 42 U.S.C. § 1997e(a). Id. at 223 n.2.

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. That rule indicates that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(c). Defendants have attached to their motion a series of exhibits that the court has considered. The United States Court of Appeals for the Third Circuit held in Spruill that a court may consider "indisputably authentic documents . . . without

converting it to a motion for summary judgment." Spruill, 372 F.3d at 223.

## B.  Motion to Dismiss Standard in Evaluating Judgment on Pleadings

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where

there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. FACTUAL BACKGROUND

As this is a motion for judgment on the pleadings we will accept the facts as pleaded in the amended complaint. In our January 6, 2006 order partially granting defendants' motion to dismiss we found the facts as follows.

Plaintiff is a prisoner currently detained at SCI-Frackville. The factual allegations that form the basis of his complaint against the Department of Corrections, however, occurred while he was detained at SCI-Mahanoy[1] and then at SCI-Somerset. Plaintiff contends that he was discriminated against by the staff of SCI-Mahanoy and SCI-Somerset on the basis of his Muslim religion.

As part of this discrimination, Bowman alleges he was falsely administratively charged with "engaging in or encouraging unauthorized group activity" and "unauthorized use of the mail or telephone." After a September 30, 2002 misconduct hearing, Bowman was found guilty of both charges and was

---

[1] Plaintiff's complaint and amended complaint often refer to the institution as SCI-Mahoney.

placed in the restrictive housing unit (RHU). He alleges that as a result of his alleged involvement in the unauthorized group activity he was then transferred from SCI-Mahanoy to SCI-Somerset on January 21, 2003. Bowman remained in RHU until he was transferred to SCI-Frackville on May 13, 2003.

The allegations against the moving defendants are: (1) that defendant Sobina, the Superintendent of SCI-Somerset, failed to reply to Bowman's May 1, 2003 letter that complained about discrimination and his continued stay in RHU at SCI-Somerset, and in which he explained that he was not an extremist; and (2) that defendant Beard, the Secretary of the Pennsylvania Department of Corrections, refused to conduct an investigation into department-wide retaliation against Muslims, failed to properly supervise defendants Mooney and Kane, and tacitly allowed the harassment of devout Muslim prisoners, and generally, that Beard permitted the discriminatory activity to occur.

The exhibits attached to defendants' motion for judgment on the pleadings indicate that Bowman exhausted his appeals concerning the misconduct hearing and the subsequent conviction, but did not file any grievances concerning any of the other issues he presents in his amended complaint. (See Rec Doc. No. 32, Ex. A, Misconduct Appeal.) According to Kristen Reisinger, the Assistant Chief Grievance Coordinator in the Secretary's Office of Inmate Grievances and

Appeals, the very first DC-ADM 804 grievance Bowman filed was on June 22, 2004 in which he complained about the staff at SCI-Frackville. (Rec. Doc. No. 32, Att. 4, Declaration of Kristen Reisinger, at 5.)

### III.  ANALYSIS

The Prison Litigation Reform Act of 1995 requires prisoners to exhaust the administrative grievance system before filing suits in federal court.  In relevant part the Act amended the United States Code to provide:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Failure of a prisoner to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Plaintiff has not contested the defendants' motion for judgment on the pleadings and the exhibits that they offer in support.  Reisinger's undisputed declaration indicates that Bowman never filed a grievance about the allegations in his amended complaint.  Therefore, defendants have proven that they are entitled to dismissal of all of the remaining claims for failure to exhaust.

## IV. BOWMAN'S REQUEST FOR COUNSEL

Until July 6, 2006, Bowman was represented by counsel. On that date we granted counsel's July 3, 2006 motion to withdraw from the case. In that motion counsel indicated that it was his client's desire to proceed pro se on the matter. We then granted Bowman an extension of time to file a brief in opposition to defendants' dispositive motion. On July 28, 2006, Bowman filed a motion seeking appointment of counsel. In that motion he recites several of the factors a court should consider when determining whether to appoint counsel under 28 U.S.C. § 1915(e)(1). See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Tabron court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." Id. at 155.

Although we are concerned about the discrepancy between Bowman's representations and his former counsel's representations regarding his desire to be represented by counsel we do not find it necessary to reappoint counsel for Bowman. We come to this conclusion in light of the evidence produced by the defendants indicating that Bowman has failed to exhaust his administrative remedies. There is nothing that the assistance of counsel could provide that would help Bowman surmount that defense.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendants' motion for summary judgment or judgment on the pleadings is granted. (Rec. Doc. No. 26.) We rule on the motion as a motion for judgment on the pleadings.

2.  The remaining counts in the complaint are dismissed without prejudice against all defendants for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

3.  Bowman's motion for the appointment of counsel is denied. (Rec. Doc. No. 41.)

4.  The clerk is directed to close the case file.

<u>s/James F. McClure, Jr.</u>
James F. McClure, Jr.
United States District Judge